UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


PREVEUS PIERRE, et al.,

    Plaintiffs,

v.          Case No. 3:05-cv-656-J-16MMH

ROBERT M. FOSTER, et al.,

    Defendants.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

On July 15, 2005, Plaintiffs, inmates of the Nassau County Jail, proceeding *pro se*, initiated this case by filing a civil rights Complaint (Doc. #1), in which they include both habeas corpus and civil rights issues. They name Robert M. Foster, a Nassau County Judge, and Granville C. Burgess, a prosecutor in Nassau County. Specifically, they claim that Judge Foster and Mr. Burgess "are not following the contents of the law" and that they are "racist officials" since the charges are filed without merit. They allege unfairness in the Nassau County judicial system. It is unclear as to the relief requested by the Plaintiffs.

Any claims concerning ineffectiveness of counsel or challenging the duration of confinement should be raised in a habeas corpus petition, while any claims concerning conditions of confinement should be raised in a civil rights complaint. Further, any request for monetary damages is in the nature of a civil rights

action, while a request for release from prison is in the nature of habeas corpus pursuant to 28 U.S.C. § 2254.

Additionally, a federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the **judgment** of a State court." 28 U.S.C. § 2254(a) (emphasis added). A habeas action is premature if the plaintiff has not yet been tried, convicted, and sentenced. While it appears that Plaintiff Pierre has been tried and convicted, it is unclear as to the status of Plaintiff Pedro.

Further, while Plaintiff Pierre filed an incomplete Affidavit of Indigency, Plaintiff Pedro failed to file an Affidavit of Indigency. Therefore, if they chose to refile, the filing fee for a habeas corpus case is $5.00, and the filing fee for a civil rights case is $250.00. Or, they should each complete an Affidavit of Indigency if they wish to proceed as paupers.

The Clerk of the Court will be ordered to send Plaintiffs the proper forms for Plaintiffs' future use. Each Plaintiff further must exhaust the state court remedies with regard to his habeas corpus claims and must exhaust his administrative grievance remedies with regard to his civil rights claims.

For these reasons, this case will be dismissed without prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2.  The Clerk of the Court shall send a civil rights complaint form, a habeas corpus petition form and an Affidavit of Indigency form to each Plaintiff for his future use.[1]

3.  The Clerk of the Court shall enter judgment **dismissing this case without prejudice**.

4.  The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this __19th__ day of July, 2005.

JOHN H. MOORE II
United States District Judge

sc 7/19

c:

Preveus Pierre

Sule Pedro

---

[1] If Plaintiffs choose to refile, they shall file separate complaints and/or petitions after proper exhaustion. In the Complaint (Doc. #1) before this Court, Plaintiff Pierre completed the civil rights complaint form and the Affidavit of Indigency form. Plaintiff Pedro may initiate his own complaint or petition to set forth the allegations and facts that are pertinent to his claims.